# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 0210012072 |
| | ) | |
| ISAIAS ORTIZ, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 14, 2025
Decided: May 20, 2025

*Upon Defendant Isaias Ortiz's Motion to Vacate 16 Del. C. § 4751A Sentence Which Was Enhance [sic] Pursuant to Title 16 Del. C. 4763 (a)(3). Enhanced Sentence Under Erlinger v. United States, Treated as a Motion to Correct an Illegal Sentence Under Superior Court Criminal Rule 35(a),*
**DENIED.**

## <u>ORDER</u>

Isaias Ortiz, *pro se*, Smyrna, Delaware.

John S. Taylor, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 N. French St., Wilmington, Delaware 19801, Attorney for the State of Delaware.

**WHARTON, J.**

This 20th day of May 2025, upon consideration of Defendant Isaias Ortiz's Motion to Vacate 16 *Del. C.* § 4751A Sentence Which Was Enhance [sic] Pursuant to Title 16 *Del. C.* 4763(a)(3). Enhanced Sentence Under *Erlinger v. United States*, treated as a Motion for Correction of Illegal Sentence Under Superior Court Criminal Rule 35(a),[1] and the record in this case, it appears to the Court that:

1.  Isaias Ortiz ("Ortiz") is before the Court with his fourth motion under Rule 35(a) asking the Court to vacate what he claims is an illegal sentence. Ortiz was found guilty by a jury on October 3, 2003 of serious drug offenses and other charges. Relevant to this motion, he was sentenced on the charge of possession with intent to deliver ("PWID") to 20 years at level V, with the first 15 years being a mandatory term of incarceration pursuant to 16 *Del. C.* § 4751.

2.  In his first Rule 35(a) motion, Ortiz argued that his sentence on the PWID charge of 20 years at Level V with the first 15 years of this sentence being a mandatory term pursuant to 16 *Del. C.* § 4751(a) was an illegal sentence because it exceeded the statutory maximum for a class C felony.[2] That motion was denied by the Court on February 15, 2017 because statutory maximum penalties are inapplicable to enhanced sentences.[3] Ortiz did not appeal that decision.

---

[1] D.I. 125.
[2] D.I. 73.
[3] D.I. 76.

3. Ortiz's second motion for correction of an illegal sentence was denied in relevant part on August 26, 2021.[4] Specifically, with respect to Ortiz's objection to being sentenced as a prior offender on the PWID charge, the Court found that Ortiz was subject to the enhanced penalties as a subsequent felony drug offender due to a felony drug conviction in New York, and denied his motion.[5] That denial was affirmed by the Delaware Supreme Court.[6]

4. In his third attempt to persuade the Court that his sentence was illegal, Ortiz argued, *inter alia*, that his PWID sentence was illegal because PWID "under Title 11 DEL. C. § 4205(b)(3) is a class C felony that only mandates a sentence of up to 10 years level 5, and no mandatory – minimum."[7] In support of this contention, he argued that the Delaware Supreme Court incorrectly stated the range of penalties he faced on the PWID charge as between a 15 year minimum-mandatory sentence up to 99 years in prison.[8] He claimed the correct range should have been 30 to 99 years with a minimum-mandatory period of 15 years.[9] Because the trial court did not conduct a hearing pursuant to 11 *Del. C.* § 4215(a) to determine his status as a prior offender, it improperly enhanced his sentence, treating the PWID charge as a

---

[4] D.I. 90.
[5] D.I. 103.
[6] *Ortiz v. State,* 2023 WL 380362 (Del. Jan. 24, 2023).
[7] *Id.* at 6.
[8] *Id.*
[9] *Id.*

class B felony.[10] If the trial court had properly enhanced his sentence, 16 *Del. C.* § 4763(a)(3) would have required it to sentence him to a minimum of 30 years, 15 of which would have been a minimum-mandatory sentence, up to a maximum of 99 years.[11] Ortiz concluded that the trial court did not impose the correct enhanced sentence, because it failed to follow the procedure set out in § 4215(a), resulting in the sentence it did impose being an illegally enhanced sentence.[12]

5. When Ortiz committed PWID, the statutory range of punishment for a defendant who previously had been convicted of possession with intent to deliver a Schedule I or II narcotic drug was a minimum term of imprisonment of 30 years and a maximum of 99 years, with 15 years of the minimum term being a minimum-mandatory term of imprisonment.[13] The sentence the trial court imposed – 20 years imprisonment with the first 15 years being a minimum-mandatory sentenced – while within the statutory range - failed to provide for the minimum sentence of 30 years. The Court found that the sentencing court should have imposed a sentence of 30 years imprisonment suspended after 20 years with the first 15 years being a minimum-mandatory sentence.[14] Were the Court to have corrected that sentence,

---

[10] *Id.* at 6-7.
[11] *Id.* at 7-8.
[12] *Id.*
[13] *Ortiz v. State,* 2023 WL 380362, at n.3 (Del. Jan. 24, 2023).
[14] *State v. Ortiz,* 2023 WL 3861887, at *4 (Del. Super. Ct. Jun. 6, 2023).

Ortiz would have received an additional 10 years of suspended incarceration. Absent an application to make that correction, however, the Court elected not to disturb the original sentence.[15]

5.     When it appears that a defendant is eligible for a sentencing enhancement in excess of the maximum punishment for the charge as a result of a prior conviction, 11 *Del. C.* § 4215(a) provides that:

> [T]he court shall fully inform the defendant as to such previous conviction or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions…If the defendant shall stand silent or if the defendant shall deny the previous conviction or convictions, the defendant shall be tried upon the issue of the previous conviction.[16]

The sentencing transcript shows that the sentencing court "did not fully inform [Ortiz] as to such prior conviction," nor did it call upon him to admit or deny the previous conviction.[17]   Nevertheless, the Court held that, pursuant to *Fennell v. State*,[18] Ortiz was complaining that his sentence was imposed in an illegal manner despite his claim that his sentence was illegal.[19]   Accordingly, it applied the 90-day

---

[15] *Id.*
[16] 11 *Del. C.* § 4215.
[17] Tr. Sentencing Hr'g. Dec. 19, 2003, at 2-11.
[18] 2006 WL 1950215 (Del. 2006).
[19] *State v. Ortiz,* 2023 WL 3861887 at *4.

time limitation of Rule 35(b) and denied his Rule 35(a) motion.[20]  Our Supreme Court affirmed that decision.[21]

6.    Now, in his fourth motion to correct an illegal sentence, Ortiz joins the legion of inmates seeking relief after the Supreme Court's decision in *Erlinger v. United States*.[22]  He claims his sentence on the PWID charge was illegally enhanced because the Court, rather than a jury, determined he had a prior enhancing conviction.[23]

7.    **Pursuant**  to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[24]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[25]  The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[26]

---

[20] *Id.*
[21] *Ortiz v. State,* 2023 WL 6854798 (Del. Oct. 17, 2023).
[22] 602 U.S. 811 (2024).
[23] D.I. 125, at 3.
[24] Super. Ct. Crim. R. 35(a).
[25] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[26] Super. Ct. Crim. R. 35(a) and (b).

8.      Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  Nor, need the Court determine whether *Erlinger* has retroactive effect because *Erlinger*, by its own terms does not provide Ortiz with the relief he seeks.

9.      *Erlinger* held that "Virtually 'any fact' that 'increase[s] the prescribed range of penalties' to which a defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea.)"[27]  The key word for purposes of Ortiz's motion is "virtually."  In *Almendarez-Torres v. United States,*[28] the Supreme Court "permitted a judge to undertake the job of finding the fact of a prior conviction – and that job alone."[29]  *Almendarez-Torres* is a "'narrow exception' permitting judges to find only the fact of a prior conviction.'"[30]  "A judge may 'do no more, consistent with the Sixth Amendment than determine what crime, with what elements, the defendant was convicted of.'"[31]  While *Almendarez-Torres*

---

[27] *Erlinger,* 602 U.S. at 834 (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000)).
[28] 523 U.S. 224 (1998)
[29] *Erlinger,* 602 U.S. at 837.
[30] *Id.* at 838 (quoting *Alleyne v. United States,* 570 U.S. 99, 111 (2013)).
[31] *Id.* (quoting *Mathis v. United States,* 579 U.S. 500, 511-12 (2016)).

7

has been criticized, including by one of the Justices in its five vote majority, no one in *Erlinger* asked the Court to revisit it, and it remains controlling precedent.[32]

10. Here, the Court did no more than determine what crime, with what elements Ortiz was convicted of in order to find that the fact of Ortiz's prior conviction enhanced his PWID sentence.

**THEREFORE,** Defendant Isaias Ortiz's Motion to Vacate a 16 Del. C. § 4751A Sentence Which Was Enhance [sic] Pursuant to Title 16 Del. C. § 4763(a)(3). Enhanced Sentence Under *Erlinger v. United States*, treated as a Motion to Correct an Illegal Sentence Under Superior Court Criminal Rule 35(a), is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[32] *Id.* 837-38.